**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4603**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY R. THACKER,

Defendant - Appellant.

**No. 19-4604**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY R. THACKER,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:18-cr-00115-D-1; 7:18-cr-00095-D-1)

Submitted: December 1, 2020                    Decided: December 9, 2020

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Daniel M. Blau, DANIEL M. BLAU, ATTORNEY AT LAW, PC, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy R. Thacker appeals his convictions and sentence imposed following his guilty plea to two counts of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court improperly convicted Thacker twice for the same conspiracy offense and whether the court incorrectly calculated Thacker's criminal history score. Thacker has filed a supplemental pro se brief raising additional issues. The Government has moved to dismiss the appeals based on the waiver of appellate rights in Thacker's plea agreements. For the reasons that follow, we grant the motion to dismiss in part and affirm in part.

Thacker's waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Before accepting a guilty plea, the district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); *United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (brackets and internal quotation marks omitted).

Because Thacker neither raised an objection during the Rule 11 proceedings nor moved to withdraw his guilty pleas in the district court, we review the validity of his pleas for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (discussing standard of review). We conclude that the district court complied with the requirements of Rule 11 and correctly determined that Thacker's guilty pleas were knowing, voluntary, and supported by sufficient factual bases. Moreover, the record indicates that Thacker knowingly and intelligently agreed to waive his appellate rights in both cases. Accordingly, Thacker's appellate waivers are valid and bar the challenges to his convictions and sentence that counsel and Thacker seek to raise on appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside of the scope of the waiver. Therefore, we grant the Government's motion to dismiss the appeals as to the issues within the scope of the waivers, and affirm as to the voluntariness of Thacker's guilty pleas and his waiver of appellate rights. This court requires that counsel inform Thacker, in writing, of the right to petition the Supreme Court of the United States for further review. If Thacker requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thacker. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*